UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INGRID SOFIA CAMPOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY,

Respondent.

No. 1:26-cv-06684-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On August 21, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging petitioner's detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

On August 24, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On August 25, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondent argues that petitioner's detention has not become prolonged because petitioner has not yet been detained for six months. (*Id.* at 1.) Respondent states that petitioner was ordered removed in 2000 and was detained on or around May 21, 2026. (*Id.*) Respondent does not argue that petitioner is a flight risk or a danger to the community. Respondent also does not oppose the court ruling on the merits of the petition based upon the briefing currently before it, and the court will do so.

Under the circumstances of this case, where respondent has failed to remove petitioner for over two decades without explanation and petitioner has been now been detained for nearly four months after being taken into immigration custody, the court finds that petitioner's current detention is no longer presumptively reasonable. *See Martinez-Ayerdis v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-04380-DAD-AC, 2026 WL 2621035, at *4 (E.D. Cal. Sept. 4, 2026). As the court has said under similar circumstances, "[g]iven that petitioner's current detention of four months is no longer presumptively reasonable and that a public safety rationale cannot independently authorize his detention absent strong procedural protections, the burden shifts to respondent[] to demonstrate the reasonable foreseeability of petitioner's removal." *Id.* Here, respondent has provided no reason to believe that petitioner's removal is reasonably foreseeable. "Respondent[] ha[s] therefore failed to meet their burden under the burden shifting framework of *Zadvydas*, and petitioner's continued detention is 'unreasonable and no longer authorized.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 680 (2001)). Accordingly, the court will grant the pending petition for writ of habeas corpus.

/////

/////

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Ingrid Sofia Campos, A-File No. 028-755-411;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting habeas relief;
4. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED as having been rendered moot by this order;
5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE